UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George Grant Couch,

          Petitioner,    Case No. 24-12846

v.                          Judith E. Levy
                           United States District Judge
Cargo,
                           Mag. Judge Patricia T. Morris
          Respondent.

_____/

**OPINION AND ORDER SUMMARILY
DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS [1]**

This is a habeas action filed under 28 U.S.C. § 2254. Petitioner George Grant Couch is presently in the custody of the Michigan Department of Corrections ("MDOC") at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (ECF No. 1.) He filed a petition for a writ of habeas corpus seeking relief from his 1977 conviction for third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d. Upon review of the petition, the Court concludes that it must be dismissed because Petitioner is no longer in custody under the

conviction that he challenges and, alternatively, the petition is untimely under the statute of limitations set forth under 28 U.S.C. § 2244(d)(1).

## I. Background

On August 22, 1977, Petitioner was convicted by a jury of third-degree criminal sexual conduct in the Wayne County Circuit Court. (ECF No. 1, PageID.31–32.) The trial court sentenced Petitioner to four to fifteen years' imprisonment.[1] (*Id.* at PageID.31.) Petitioner appealed his conviction and sentence to the Michigan Court of Appeals, challenging the constitutionality of the criminal sexual conduct statute. The Michigan Court of Appeals rejected his argument on July 6, 1979. (*Id.* at PageID.32.) Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. (*Id.*)

On April 29, 1982, Petitioner filed a delayed motion for new trial in the trial court, raising claims that (1) the jury verdict was void, or alternatively, Petitioner was convicted of an offense not known to any

---

[1] The MDOC Offender Tracking Information System ("OTIS") indicates that Petitioner was discharged from his sentence on his 1977 conviction on June 10, 1992, and is presently serving a life sentence for his 1982 jury-based conviction for first-degree murder. Mich. Dep't of Corr., *Biographical Information*, https://perma.cc/HLX8-CCTC (last visited June 12, 2025). The Court is permitted to take judicial notice of information from OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

Michigan law and (2) trial counsel was ineffective for failing to make a pretrial request for an evidentiary hearing to suppress an alleged inculpatory statement. (*Id.* at PageID.33.) Petitioner's motion was denied. (*Id.*) Petitioner did not file an appeal. (*Id.* at PageID.35.)

On June 29, 1982, Petitioner filed a second delayed motion for new trial, raising claims that (1) the "serology results were unsubstantial," (2) the jury instructions were improper and the "trial court impr[o]perly and erroneously entreated a question from the jury," (3) Petitioner had a right to a unanimous verdict, and (4) Petitioner's sentence was illegal. (*Id.* at PageID.34.) The trial court denied the motion, and Petitioner did not appeal. (*Id.* at PageID.34–35.)

On September 29, 2021, Petitioner filed a motion for relief from judgment in state court. (*Id.* at PageID.34.) He argued the following:

> INVALID AND ILLEGAL TREATMENT BY THE TRIAL COURT / IF THE VERDICT WAS AMBIGUOUS, IT WAS THE TRIAL COURT'S DUTY TO CLARIFY THE VERDICT WITH OR WITHOUT ANY OBJECTION/ THE VERDICT WAS AN ACQUITTAL EVEN IF BASED ON ERROR OF LAW OR EVIDENCE, OR A MISTAKE OR COMPROMISE BY THE JURY/ ONCE ACQUITTED OF A CRIME IT VIOLATES DUE PROCESS TO SENTENCE THE DEFENDANT AS IF HE HAD COMMITTED THAT VERY SAME CRIME/ THE U.S.. SUP. CT. HAS RECOGNIZED THAT EVEN "EGREGIOUSLY ERRONEOUS" JURY VERDICTS ARE ENTITLED TO CLEAR

ACKNOWLEDGEMENT / INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

(*Id*.) On November 2, 2022, the trial court denied the motion on the basis that he failed to show good cause and actual prejudice under Michigan Court Rule 6.508(D)(3) for failing to raise his claims on direct appeal. (*Id*. at PageID.42–43.)

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on August 8, 2023, because Petitioner "failed to establish that the trial court erred in denying the motion for relief from judgment." (*Id*. at PageID.55.) Petitioner filed a motion for reconsideration, which was also denied. (*Id*. at PageID.56.) Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On May 29, 2024, the Michigan Supreme Court denied the application for failing "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Couch*, 513 Mich. 1109 (Mich. 2024), recons. den., 10 N.W.3d 288 (Mich. 2024).

On October 24, 2024, Petitioner signed and dated the present habeas petition, and it was docked on October 29, 2024. (ECF No. 1.) Petitioner raises five claims. First, Petitioner argues that the trial court

4

failed to determine that he was acquitted of criminal sexual conduct in the third degree. (*Id.* at PageID.35.) Second, the trial court failed to determine that Petitioner was "sentenced and imprisoned without jurisdiction, and contrary to state and federal constitutional law . . . ." (*Id.* at PageID.44.) Third, the trial court failed to determine that Petitioner's appointed trial and appellate counsel were ineffective. (*Id.* at PageID.45.) Fourth, the trial court failed to determine Petitioner's incarceration violated due process. (*Id.* at PageID.47.) Fifth, Petitioner's continued denial of relief "constitutes a denial of his constitutional right to equal protection." (*Id.* at PageID.49.)

## II. Analysis

### A. "In Custody" Requirement

As an initial matter, Petitioner cannot challenge his 1977 conviction in this habeas petition because he already served the sentence imposed for that offense.

28 U.S.C. § 2254 requires that a habeas petitioner be "in custody under the conviction or sentence under attack at the time" the petition is filed in the federal court. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (cleaned up). A habeas petitioner is no longer "in custody" once the

5

imposed sentence is served. *Id.* at 492. Nor is a habeas petitioner "in custody" when serving a sentence that does not stem directly from the conviction subject to habeas review. *See Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001); *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) ("Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").

Because the "in custody" requirement is jurisdictional, a federal court may not entertain habeas relief when the petitioner is no longer "in custody." *See Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018). Here, Petitioner's sentence stemming from his 1977 conviction expired before this petition was filed. As such, he is not currently "in custody" on account of this conviction. Therefore, the Court lacks subject matter jurisdiction to entertain a habeas challenge to this conviction.

### B. Statute of Limitations

Additionally, the Court concludes that the habeas petition is subject to dismissal for being untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year deadline

for state prisoners to file a federal habeas corpus petition. *See Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*, 968 F.3d 607, 609–10 (6th Cir. 2020) (explaining that "§ 2244(d)(1) imposes a one-year period of limitation for a state prisoner to file an application in federal court for a writ of habeas corpus"). The one-year limitation period ordinarily runs from the latest of the following four dates:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). In addition, where, as here, a state prisoner's conviction became final before AEDPA's enactment in April 1996, the prisoner had until one year following that enactment (or until April 24, 1997), to file a federal habeas petition. *See Griffin v. Rogers*, 399 F.3d 626, 631–32 (6th Cir. 2005) (explaining that while "AEDPA provided no grace period for habeas corpus claims arising from convictions . . . that became final prior to the statute's enactment," "this Circuit [has] provided a one-year grace period for convictions that became final prior to April 24, 1996, the effective date of AEDPA").

Petitioner's habeas claims are not timely under § 2244(d)(1)(A). There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B)–(D) apply to Petitioner's grounds for relief. His conviction became final before AEDPA was enacted, and at the time of AEDPA's enactment, he did not have a habeas petition pending before the Court. Thus, he had until April 24, 1997, to file a habeas petition. *See Griffin*, 399 F.3d at 631–32. He did not meet that deadline. Indeed, he did not file his current habeas petition until October 24, 2024. (*See* ECF No. 1.) Thus, AEDPA's statute of limitations

8

bars him from pursuing his habeas claims, unless Petitioner can show that equitable tolling applies.

The AEDPA's statute of limitations is subject to equitable tolling "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).[2]

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, Petitioner has not shown that he has been diligent in pursuing his rights. He did not file his habeas petition until

---

[2] Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011)).

9

27 years after the limitations period expired. Second, Petitioner has not argued or demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Finally, Petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of [] new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

### III. Conclusion

Accordingly, the Court concludes that this federal habeas corpus petition is barred from review because Petitioner is no longer in custody and by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.

Therefore, Petitioner's action is DISMISSED WITH PREJUDICE. It is further ordered that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Accordingly, a certificate of appealability, 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. Proc. 22(b), and leave to appeal in forma pauperis, 28 U.S.C. § 1915(a)(3), are DENIED.

IT IS SO ORDERED.

Dated: June 16, 2025      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 16, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager